**PEOPLE WHO CARE, et al.,
Plaintiffs–Appellees,**

v.

**ROCKFORD BOARD OF EDUCATION
SCHOOL DISTRICT NO. 205,
Defendant–Appellee,**

and

**Rockford Education Association, et
al., Intervenors–Appellants.**

No. 91–2438.

United States Court of Appeals,
Seventh Circuit.

May 18, 1992.

Ronald L. Futterman, Kathleen Man-
gold–Spoto, Robert C. Howard, Hartunian,
Futterman & Howard, Chicago, Ill., An-

drew Campos, Rockford Area Hispanic Co-
alition, Rockford, Ill., and Eugene Eu-
banks, Kansas City, Mo., for plaintiffs-ap-
pellees.

Lawrence J. Weiner, Justino D. Petrarca,
Scariano, Kula, Ellch & Himes, Chicago,
Ill., Thomas A. Bueschel, Conde, Stoner &
Killoren, Rockford, Ill., Anthony G. Scari-
ano, Scariano, Kula, Ellch & Himes, Chica-
go Heights, Ill., and John N. Schmidt,
Rockford Public Schools, Rockford, Ill., for
defendant-appellee.

Stephen G. Katz, Katz, Friedman, Schur
& Eagle, Chicago, Ill., Jeremiah A. Collins,
Robert H. Chanin, Susan Carle, Bredhoff &
Kaiser, Washington, D.C., and Barbara J.
Buhai, Illinois Educ. Ass'n, Chicago, Ill.,
for intervenors-appellants.

Before BAUER, Chief Judge, and
POSNER and EASTERBROOK, Circuit
Judges.

ON PETITIONS FOR REHEARING

PER CURIAM.

Plaintiffs and the Board seek rehearing,
contending that instead of vacating the por-
tions of the consent decree that conflict
with the collective bargaining agreement,
we should modify the decree only to the
extent it enjoins implementation of the
agreement. Such an order would leave the
Board with incompatible obligations—
bound by contract with the union to do one
thing and by judicial decree to do some-
thing else. That result, the plaintiffs in-
sist, is the command of *W.R. Grace & Co.
v. Rubber Workers Local 759*, 461 U.S.
757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983).

■ Grace entered into a conciliation
agreement with the EEOC. The agree-
ment contained provisions inconsistent with
those in an agreement between Grace and
one of its unions. The union obtained an
award of damages from an arbitrator, and
the Court held that Grace must pay.

■ Plaintiffs and the Board point to
language in *Grace* that the civil rights laws
do not forbid an employer to assume incon-
sistent contractual obligations. Yet the

**640**

logical possibility of inconsistent obligations does not imply that a judge must or even may assist in the creation of such conflicts. Grace undertook two contractual obligations. So did the Rockford Board of Education, but we are not concerned with the status, as contract, of the agreement between plaintiffs and the Board. The litigants wanted, and got, an order preferring their bargain over the Board's pact with the union. They ask us to leave that rule of preference in place, enforced by an injunction, remitting the unions to damages even though an arbitrator under the collective bargaining agreement might believe specific performance appropriate. We have said many times that judges should not enter consent decrees interfering with the legal entitlements of non-consenting parties. E.g., *Kasper v. Board of Election Commissioners*, 814 F.2d 332 (7th Cir. 1987). Rockford's unions sought—as Grace's unions did not—the elimination of any judicial compulsion behind the employer's conflicting promise. They are entitled to that relief.

Plaintiffs and the Board ask us to remand so that they may make a showing of discrimination adequate to support greater relief under the framework of our opinion. A remand is scarcely necessary: the case is ongoing, and hearings on the merits lie ahead. Just in case, we repeat the final sentence of our opinion: "The case is remanded for proceedings consistent with this opinion."

The petitions for rehearing are denied. No judge has called for a vote on the Board's suggestion of rehearing in banc, which is rejected.